NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 24, 2012
Decided October 25, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD D. CUDAHY, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 11-3768

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> v. <br><br> JOHN MINNIEFIELD, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division. <br><br> No. 1:09-CR-66-TLS <br><br> Theresa L. Springmann, <br> *Judge.* |

**O R D E R**

While investigating complaints about drug-dealing activity, police searched the Fort Wayne apartment where John Minniefield resided and found drugs and a stolen gun. Minniefield pleaded guilty to possessing crack and powder cocaine with intent to distribute, *see* 21 U.S.C. § 841(a)(1), and possessing a firearm in furtherance of a drug trafficking crime, *see* 18 U.S.C. § 924(c). In his plea agreement, Minniefield waived the right to appeal his sentence on any ground other than the determination that he is a career offender. The district court calculated a guidelines range of 262 to 327 months for both counts based on Minniefield's career-offender status and imposed a sentence of 204 months. *See* U.S.S.G. § 4B1.1(c)(3). Minniefield filed a notice of appeal, but his appointed attorney asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Despite our invitation, Minniefield has not filed a response.

*See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Minniefield told his lawyer that he does not want to challenge his guilty plea, and counsel properly refrains from discussing the adequacy of the plea colloquy or the voluntariness of the plea. *United States v. Knox*, 287 F.3d 667, 671–72 (7th Cir. 2002).

Counsel does consider whether Minniefield could challenge his classification as a career offender, but properly concludes that any such challenge would be frivolous. Minniefield disputed that classification before he was sentenced, insisting that he did not have two prior felony convictions for either a crime of violence or a controlled substance offense. *See* U.S.S.G. § 4B1.1(a). Minniefield acknowledged that his previous conviction for cocaine drug-dealing was both a felony and a controlled-substance offense, but he argued that his conviction for felony-vehicle flight was not a crime of violence. *See* IND. CODE § 35-44-3-3(b)(1)(A) (2004). The district court delayed sentencing while the Supreme Court heard arguments in *Sykes v. United States*, 131 S. Ct. 2267 (2011), a case concerning the exact Indiana statute at issue. After the Supreme Court ruled that it was a crime of violence, *id.* at 2277, Minniefield withdrew his objection to his career-offender classification.

The motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.